UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

VERNELL JACKSON,

        Plaintiff,

    v.                                          Case No. 18-C-1385

MILWAUKEE COUNTY JAIL
aka DENNIS BRAND,
MILWAUKEE HOUSE OF CORRECTIONS
aka LT. MILIACCA,
ARAMARK CORPORATION,
PUBLIC RELATIONS PERSONNEL.

        Defendants.

## SCREENING ORDER

Plaintiff Vernell Jackson, who is currently serving a state sentence at Milwaukee House of Corrections in Franklin, Wisconsin and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on Jackson's motion for leave to proceed without prepaying the full filing fee and to screen the complaint. ECF No. 6.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

The plaintiff is required to pay the $400.00 filing fee for this action, which includes the $350.00 statutory filing fee and a $50.00 administrative fee. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed without prepayment of the full filing fee. In that case, the prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 statutory filing fee but not the $50.00 administrative

fee. *See* 28 U.S.C. § 1915(b)(1). Jackson has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $5.50. Jackson's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## ALLEGATIONS OF THE COMPLAINT

Jackson alleges that, on February 13, 2018, he was served contaminated food during his morning meal time at Milwaukee County House of Corrections (HOC). In a separate letter attached to his complaint, Jackson alleges that the contaminated food was baked bread that had hair "cooked inside of it." Jackson identifies Aramark Corporation as the food services vendor at Milwaukee County Jail and HOC. Jackson alleges that Aramark does not properly train its workers, some of whom are inmates working for early release credits, regarding food safety and sanitation procedures. After the contamination incident, Jackson filed a grievance requesting that corrective action be taken regarding his health and regarding the facility's unsafe food operations. Jackson alleges that, in response to his grievance, Milwaukee County Sheriff's Department staff acknowledged that the food served was contaminated. Despite this acknowledgment, neither the Sheriff's Department nor Aramark took corrective action. Jackson filed two additional grievances concerning the unsafe food operations of Aramark, and no corrective action was taken. Jackson requests that corrective action be taken to eliminate the unsafe food practices at Milwaukee County Jail and HOC, that he receive monetary compensation for the defendants' failure to correct the food safety problems, and that he receive damages for pain and suffering.

## THE COURT'S ANALYSIS

Jackson has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)). Other than checking a box in the jurisdiction section of his

complaint stating that he is suing for a violation of federal law under 28 U.S.C. § 1331, Jackson's complaint is silent as to what legal theory entitles him to relief. Jackson alleges that his initial grievance filed in response to being served bread with hair in it called for corrective action as to his health and Aramark's unsafe food practices. To the extent that Jackson cites this grievance in an attempt to raise Eighth Amendment claims, the court sees two potential bases for relief after construing his complaint liberally, as the court is required to do. *See Swofford v. Mandrell*, 969 F.2d 547, 549 (7th Cir. 1992) (construing a *pro se* complaint liberally and holding it to less stringent standards than those applied to attorney-drafted complaints). The first potential theory is an Eighth Amendment violation for deliberate indifference to a serious medical need. The second potential theory is an Eighth Amendment challenge to prison conditions. Jackson has failed to state a claim under either of these theories.

Jackson fails to state an Eighth Amendment claim for deliberate indifference to a serious medical need. To state a claim for deliberate indifference to a serious medical need, a plaintiff must allege an objectively serious medical condition and an official's deliberate indifference to that condition. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015). Jackson alleges that he filed a grievance related to his health after he received bread with hair in it. He also alleges by implication from his request for pain and suffering damages that he experienced pain and suffering. These allegations do not amount to an objectively serious medical condition. Therefore, Jackson has not stated a claim for deliberate indifference to a serious medical need.

Jackson also fails to state an Eighth Amendment claim challenging his prison conditions, namely the unsafe food operations of Aramark at Milwaukee County Jail and HOC. An inmate's constitutional challenge to prison conditions requires a two-part examination. *Townsend v. Fuchs*,

4

522 F.3d 765, 773 (7th Cir. 2008). First, a court must determine whether the conditions were "sufficiently serious" so that "a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Second, if the conditions were sufficiently serious, then a court must examine whether prison officials acted with deliberate indifference to the conditions at issue. *Id.* "Extreme deprivations" that are "sufficiently grave" are required to make out a conditions-of-confinement claim because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). A single instance of food being "contaminated" with hair is not a sufficiently grave condition that denies Jackson the minimal civilized measure of life's necessities. *See Davis v. Buchanan*, No. 3:12–1729–MGL–JRM, 2012 WL 3945312, at *2 (D.S.C. July 30, 2012) ("[T]he intermittent presence of foreign objects, such as a strand of hair, in food is not a constitutional violation."); *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993) ("The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health . . . ."). Put simply, Jackson's allegations do not give rise to a constitutional violation, or to a violation of any other federal law for that matter, and therefore his claims must be dismissed.

**IT IS THEREFORE ORDERED** that Jackson's motion for leave to proceed *in forma pauperis* (ECF No. 6) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) **for failure to state a claim**.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

5

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $344.50 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with the plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated at Green Bay, Wisconsin this   1st   day of October, 2018.

                                        s/ William C. Griesbach
                                        William C. Griesbach, Chief Judge
                                        United States District Court

This order and the judgment to follow are final. The plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If the plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). The plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If the plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.